UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SUSAN BALLENTINE,

            *Petitioner*,

  -against-

UNITED STATES,

            *Respondent*.

25-MC-2974 (ARR)

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

**OPINION & ORDER**

ROSS, United States District Judge:

    Presently before the Court is the motion of Susan Ballentine, proceeding *pro se*, seeking the expungement of her criminal record. *See* ECF No. 1. For the reasons that follow, I deny the motion to expunge because this court lacks jurisdiction.

## BACKGROUND

    On September 29, 1995, Ms. Ballentine pleaded guilty to one count of importation of a Schedule II controlled substance into the United States in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(2)(B)(ii). I sentenced the petitioner to a term of imprisonment of 22-and-one-half months followed by a term of supervised release of three years. *See United States v. McIntosh*, No. 95-CR-642 (E.D.N.Y.).

    On July 28, 2025, Ms. Ballentine filed a *pro se* motion to expunge the record in her criminal case. *See* ECF No. 1. In support of her motion, Ms. Ballentine submitted an affidavit that argues that she is entitled to relief because: "It has been my past. And I would like to feel that this wouldn't stop me to achieve my goals." ECF No. 1-1 at 1. There were no other documents or arguments submitted in support of Ms. Ballentine's petition. The Government filed a response in opposition on November 5, 2025. *See* ECF No. 4.

1

**DISCUSSION**

As an initial matter, because Ms. Ballentine's submissions were filed *pro se*, I will liberally construe them "to raise the strongest arguments that they suggest." *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (quotation marks omitted). However, this does not excuse Ms. Ballentine "from compl[ying] with relevant rules of procedural and substantive law" *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (quotation marks omitted).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "In general, federal district courts do not have subject matter jurisdiction over motions to expunge or seal a valid conviction record, except in limited circumstances authorized by Congress." *Johnson v. United States*, No. 22-MC-03114, 2023 WL 419573, at *1 (E.D.N.Y. Jan. 26, 2023).

The doctrine of "ancillary jurisdiction . . . allows a district court to decide matters that are 'factually interdependent' with another matter before the court, or to take actions necessary 'to manage its proceedings, vindicate its authority, and effectuate its decrees.'" *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015) (quoting *Kokkonen*, 511 U.S. at 379–80). In *Doe v. United States*, the Second Circuit held that a district court did not have ancillary jurisdiction over a motion to expunge because the "[petitioner's] conviction was valid and the underlying criminal case had long since concluded." 833 F.3d 192, 196 (2d Cir. 2016). In that opinion, the Second Circuit observed that "a motion to expunge records of a *valid* conviction on equitable grounds will ordinarily be premised on events that are unrelated to the sentencing and that transpire long after the conviction itself," and found that the "collateral employment consequences [petitioner] faces today" did not arise from the district court's sentencing proceedings or petitioner's probationary

term." *Id.* at 198-99 (emphasis in original). In short, the Second Circuit found that the district court lacked jurisdiction because the "[petitioner's] original sentencing and her motion to expunge are not 'mutually dependent.'" *Id.* at 199.[1]

Following the Second Circuit's reasoning in *Doe*, courts in this circuit regularly dismiss motions to expunge criminal convictions for lack of jurisdiction. *See, e.g.*, *Johnson v. United States*, 2023 WL 419573, at *1; *Yearwood v. United States*, No. 18-MC-1835, 2022 WL 4662091, at *2 (E.D.N.Y. Sept. 30, 2022); *Cicero v. United States*, No. 19-MC-1143, 2021 WL 2075715, at *2 (E.D.N.Y. May 24, 2021). It is well-settled that "[t]he standard in the Second Circuit under which courts may expunge criminal records is stringent" and "[d]ifficulty in obtaining or maintaining employment because of a criminal record has been held insufficient to warrant expungement." *Joefield v. United States*, No. 13-MC-367, 2013 WL 3972650, at *3 (E.D.N.Y. Aug. 5, 2013) (collecting cases); *Nordberg v. United States*, No. 21-MC-3118, 2024 WL 2079648, at *2–3 (E.D.N.Y. May 9, 2024); *see also United States v. Schnitzer*, 567 F.2d 536, 540 (2d Cir. 1977).

Here, Ms. Ballentine's motion is devoid of any claims that her guilty plea was invalid or coerced, or that there are extreme circumstances that warrant the exercise of ancillary jurisdiction. *See Joefield*, 2013 WL 3972650, at *3 (identifying examples of extreme circumstances such as the violation of constitutional rights, the misuse of criminal records by the police, or the finding of the underlying statute of conviction to be unconstitutional); *see also Prophete v. United States*, No. 10-MC-0811, 2011 WL 5027172, at *1 (E.D.N.Y. Oct. 20, 2011) ("[Expungement] is an extreme, and rare, remedy . . . and it has typically been reserved for cases where the underlying arrest was

---

[1] Congress has specifically legislated pathways for the expungement of some criminal convictions, such as for certain drug offenders who were younger than twenty-one years old at the time of the offense. *See Doe v. United States*, 833 F.3d at 199 (citing 18 U.S.C. § 3607(c)).

3

unconstitutional or where a defendant's records have been misused by the government[.]") (quotation marks omitted).

Rather, it appears that Ms. Ballentine's request is equitable in nature in that she seeks expungement "to feel that this wouldn't stop [her from] achiev[ing her] goals." ECF No. 1-1 at 1. This is not enough to evoke the Court's ancillary jurisdiction. *See Joefield*, 2013 WL 3972650, at *5 ("[A] generalized fear of adverse employment consequences is insufficient to warrant expungement."); *see also United States v. Ravitsky*, No. 02-CR-1268, 2006 WL 1455467, at *3 (E.D.N.Y. May 23, 2006) ("[T]he generalized fear of a potential adverse effect on future employment is an insufficient justification for sealing."). Thus, while empathetic to Ms. Ballentine's plight, I am without basis to exercise ancillary jurisdiction to grant the relief sought.

## CONCLUSION

Accordingly, it is hereby ordered that Petitioner's Motion to Expunge (ECF No. 1) is dismissed; and it is further ordered that the Clerk of Court close this case and mail a copy of this Memorandum and Order to the *pro se* Petitioner at her address of record.

SO ORDERED.

/s/
Allyne R. Ross
United States District Judge

Dated: November 7, 2025
       Brooklyn, New York

4